[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16597

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00014-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 17, 2007)**

Before CARNES and BARKETT, Circuit Judges, and COHN,[*] District Judge.

PER CURIAM:

---

[*] Honorable James I. Cohn, United States District Judge for the Southern District of Florida, sitting by designation.

Paul Beasley appeals his conviction on two counts of armed bank robbery under 18 U.S.C. § 2113(a) and (d) and two counts of use of a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(iii). He appeals on the grounds that a search of his home was executed pursuant to an invalid search warrant; that the district court erred in excluding evidence of an FBI press release which contradicted the Government's evidence at trial; and that Federal Rule of Criminal Procedure 12.1 is unconstitutional. We affirm.

First, although we agree with Beasley that the search warrant in this case was insufficient to establish probable cause to search his residence, we affirm the denial of Beasley's motion to suppress on the basis of the good faith exception to an invalid warrant established in U.S. v. Leon, 468 U.S. 897, 913 (1984).

Second, we find no abuse of discretion in the district court's decision, on the basis of a lack of foundation, to exclude an FBI agent's testimony, during cross-examination, about an FBI press release pertaining to a description of the get-away car. The witness being examined did not write the press release, nor did he make the statement contained within the press release. He testified that the press release was a pro forma issuance from the Bureau, and though he was aware that a press release was issued regarding Beasley, he never actually read the press release until he was asked to do so by Beasley's attorney.

We also reject, as meritless, Beasley's argument that <u>Fed. R. Crim. P. Rule 12.1</u> is unconstitutional.[1]

**AFFIRMED.**

---

[1] Beasley also argues that insufficient evidence was presented at trial to prove that a firearm was present during the armed robberies underlying two of the counts. Beasley concedes, however, that our Circuit precedent in <u>U.S. v. Hunt</u> forecloses his argument. 187 F.3d 1269, 1271 (11th Cir. 1999)("a § 924(c) conviction may be sustained by lay witness testimony that a defendant carried or used a gun"). Beasley only seeks to argue it here in order to preserve the issue for subsequent en banc or Supreme Court review. Therefore, though we generally consider a defendant's challenge to the sufficiency of the evidence <u>de novo</u>, we need not consider the merits of this argument further. <u>See</u> <u>Hunt</u>, 187 F.3d at 1270.